IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. | 1:21-CR-17 (MAD) |
| | ) | | |
| **v.** | ) | **Information** | |
| | ) | | |
| **LAKSHMIKANTH R. SRIPURAM,** | ) | Violation: | 18 U.S.C. § 1349 |
| | ) | | [Conspiracy to Commit Wire |
| | ) | | Fraud] |
| | ) | | |
| | ) | 1 Count | |
| | ) | | |
| **Defendant.** | ) | County of Offense: | Albany |

### THE UNITED STATES ATTORNEY CHARGES:

### Introduction

At all times relevant to this Information:

1. PIntegra, LLC ("PIntegra") was a New Jersey limited liability company providing information technology services.

2. The defendant, **LAKSHMIKANTH R. SRIPURAM**, had an ownership interest in PIntegra and was its president.

3. The New York State Office of the State Comptroller ("OSC") was headquartered in Albany, New York. OSC's responsibilities included, among other things, administering the New York State and Local Retirement System ("NYSLRS"). NYSLRS, a retirement system for public employees, had more than one million members, retirees, and beneficiaries, and more than 3,000 employers.

### The Conspiracy

3. Between in or about January 2015 through in or about September 2017, in Albany County in the Northern District of New York, and elsewhere, the defendant, **LAKSHMIKANTH**

**R. SRIPURAM**, and others, conspired to commit wire fraud by devising and intending to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and transmitting and causing to be transmitted by means of wire communication in interstate commerce, writings, signs and signals for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

4. The object of the conspiracy was to fraudulently obtain payments from OSC by falsely representing that programmers provided by PIntegra were qualified to work on a project for OSC.

### Manner and Means

It was a manner and means of the conspiracy that:

### The Redesign Project

5. Between 2015 and at least 2020, OSC was engaged in an effort to redesign the NYSLRS's information technology system (the "Redesign Project"). OSC awarded the contract for the Redesign Project to a large global professional services company. Programming for the Redesign Project primarily involved the use of Oracle's PeopleSoft software applications. So that knowledgeable OSC personnel would be able to interface with that large, global professional services company as necessary, OSC undertook to augment its internal information technology skillset to include programmers with PeopleSoft experience.

6. As part of this effort, in January 2015, OSC entered into a contract with a consortium of three companies, COMPANY 1, COMPANY 2, and COMPANY 3, to provide "Staff Augmentation Services for PeopleSoft and Oracle Related Products" (the "Contract"). The

Contract provided the means for OSC to identify and hire contract programmers with PeopleSoft experience.

7. COMPANY 1 acted as the prime contractor among the three, and was responsible for performing background checks on prospective contract programmers and certifying to OSC that they conducted such checks.

8. Pursuant to the Contract, when OSC needed to hire a PeopleSoft programmer for the Application Development Team, it completed a Consultant Request Document ("CRD") setting forth the necessary skillsets and experience, including years of PeopleSoft experience, for the candidates to be supplied pursuant to the Contract. OSC forwarded the CRDs to COMPANY 1, and for each position, COMPANY 1, COMPANY 2, and COMPANY 3 each submitted one purportedly qualified applicant. Frequently, the applicants submitted were employed by subcontractors of COMPANY 1, COMPANY 2, or COMPANY 3, including PIntegra.

9. OSC relied on COMPANY 1 to perform background and reference checks to verify the candidates' education and experience. The CRDs required COMPANY 1 to certify that it had verified all mandatory qualifications for each proposed candidate by contacting references of past projects on which the candidate worked. COMPANY 1 prepared and submitted to OSC a Consultant Response Form ("CRF"), certified by a COMPANY 1 representative, for each position requested.

## The Application Development Team Hiring Process

10. CO-CONSPIRATOR 1 was an OSC employee, and the manager of the Redesign Project's Application Development Team (the "Application Development Team"). In that role, he supervised a large team of OSC programmers and junior programmers.

11. Members of OSC's Application Development Team, including CO-CONSPIRATOR-1, generally interviewed all three candidates. The three candidates were generally asked a set of approximately 30 specific PeopleSoft questions that were selected based upon the areas of expertise desired, in order to determine whether they actually had the experience and knowledge indicated on their applications.

12. In January 2015, CO-CONSPIRATOR 1's relative worked for the defendant **LAKSHMIKANTH R. SRIPURAM** at PIntegra. The defendant **LAKSHMIKANTH R. SRIPURAM** and CO-CONSPIRATOR 1 agreed that CO-CONSPIRATOR 1 would hire PIntegra personnel as Contract Programmers for OSC.

### "Experienced" PeopleSoft Contract Programmers Hired Pursuant to the Contract

13. From in or about January 2015, through in or about October 2016, OSC hired 17 consultant programmers pursuant to the Contract (the "Contract Programmers"). The Contract Programmers reported to and worked under the supervision of CO-CONSPIRATOR 1, and were present in the United States pursuant to H-1B visas. The vast majority of the Contract Programmers were all from the same state in India as CO-CONSPIRATOR 1 and spoke the same dialect. OSC paid COMPANY 1 approximately $80-$120 per hour for each of the Contract Programmers, based in large part on their number of years of PeopleSoft experience.

14. In late 2016, OSC learned that many of the Contract Programmers' references and work histories were not legitimate, including the Contract Programmers hired from PIntegra.

15. Between in or about February 2015 and in or about October 2016, the defendant **LAKSHMIKANTH R. SRIPURAM** and CO-CONSPIRATOR 1 worked together to complete some of the CRDs for the PIntegra candidates. In doing so, the defendant **LAKSHMIKANTH**

4

**R. SRIPURAM** and CO-CONPSIRATOR 1 falsified information regarding the candidates' experience and work histories in an effort to make the candidates appear qualified for the positions.

16. Between in or about February 2015 and in or about October 2016, in connection with hiring the Contract Programmers from PIntegra, CO-CONSPIRATOR 1 contacted the candidates from PIntegra prior to the CRF being sent and sometimes prior to the CRD being sent. CO-CONSPIRATOR 1 and the defendant **LAKSHMIKANTH R. SRIPURAM** arranged for the candidates from PIntegra to review the interview questions prior to their interviews, many times by the defendant **LAKSHMIKANTH R. SRIPURAM** calling CO-CONSPIRATOR 1 with the candidate to prepare. CO-CONSPIRATOR 1 then interviewed the Contract Programmers from PIntegra and hired them knowing that their qualifications were falsified.

17. In connection with hiring the Contract Programmers from PIntegra, CO-CONSPIRATOR 1 set the hourly rate the Contract Programmers would be paid by OSC.

18. Between February 2015 and September 2017, PIntegra received approximately $870,000 from OSC through COMPANY 1 for its Contract Programmers' pay. OSC paid COMPANY 1 via Automated Clearing House ("ACH") transfers in interstate commerce. COMPANY 1 then paid PIntegrea. Through PIntegra, the defendant **LAKSHMIKANTH R. SRIPURAM** received a percentage of the hourly rate paid to the Contract Programmers. The defendant then paid CO-CONSPIRATOR 1 a portion of PIntegra's percentage of the Contract Programmers' pay.

All in violation of Title 18, United States Code, Section 1349.

Dated: January 15, 2021            ANTOINETTE T. BACON
                                                 Acting United States Attorney

                                By:     */s Katherine Kopita*
                                                 Katherine Kopita
                                                 Assistant United States Attorney
                                                 Bar Roll No. 517944